UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

In Re Dana Elisha Dzwonczyk                                  Case No. 5:11-MC-0044
                                                                    (NAM/GHL)

APPEARANCES

DANA ELISHA DZWONCZYK,
Plaintiff *pro se*
514 Charles Avenue #7
Syracuse, New York 13209

GEORGE H. LOWE, United States Magistrate Judge

### ORDER and REPORT-RECOMMENDATION

The Clerk has sent a *pro se* petition together with an application to proceed *in forma pauperis* to the Court for review. (Dkt. Nos. 1 and 2.) For the reasons discussed below, I order that Petitioner's *in forma pauperis* application is granted and recommend that her action be dismissed with prejudice.

### II.  PETITIONER'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing Petitioner's *in forma pauperis* application (Dkt. No. 2), the Court finds that Petitioner may properly proceed with this matter *in forma pauperis*.

### III.  SUFFICIENCY OF THE PETITION

28 U.S.C. § 1915(e) directs that when a party seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious [,] fails to state a claim on which relief may be granted[,] or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, the court has a responsibility to determine that an action may be properly maintained before it may permit a party to

---

[1] In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

proceed *in forma pauperis*.[2]  *See id.*  Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* action, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that an action states a claim and that the claim is not frivolous before permitting a party to proceed with an action *in forma pauperis*.  *See e.g. Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

Petitioner "respectfully moves for an [order] permitting [her] to change [her] name from Dana Elisha Dzwonczyk to Dana Elisha Rockeffeler."  (Dkt. No. 1 at 1.)  This Court does not have subject matter jurisdiction in this matter.  Other than in the limited context of naturalization (*see Janata v. I.N.S.*, No. M-54 (JFK), 1995 WL 312491 (S.D.N.Y. May 22, 1995); 8 U.S.C. 1447(e) (West 2005)), federal court is not the proper forum for name changes.  Rather, in New York a "petition for leave to assume another name may be made by a resident of the state to the county court of the county or the supreme court of the county in which he resides . . ."  N.Y. Civ. Rights Law § 60 (McKinney 2011).  Therefore, I recommend that the Court dismiss the petition with prejudice.  Petitioner is, of course, free to pursue her petition in the appropriate state court.

**WHEREFORE**, it is hereby

**ORDERED** that the application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED** that the petition be dismissed with prejudice; and it is further

---

[2] Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court, *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974), as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327.

**ORDERED** that the Clerk serve a copy of this Report-Recommendation on Petitioner.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: December 6, 2011
       Syracuse, New York

George H. Lowe
United States Magistrate Judge